UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PATRICIA A BASCOM,<br><br>         Plaintiff,<br>v.<br>U.S. PROBATION OFFICE, et al.<br><br>         Defendants. | Case No. 2:18-cv-01283-MMD-PAL<br><br>ORDER<br><br>(Mot Appt Counsel – ECF No. 3)<br>(Mot Ext Time – ECF No. 4) |

Before the court is plaintiff's Motion for Appointment of Counsel (ECF No. 3). Plaintiff has also filed a motion for extension of time to file an amended complaint (ECF No.4). Plaintiff has a pending application to proceed in forma pauperis ("IFP") and has submitted a proposed complaint which is awaiting screening to determine whether it states a claim on which relief may be sought before service on the defendant(s) is authorized. Because of the volume of these cases, and because screening is a time consuming and difficult task plaintiff is advised this may take many months. Cases are ordinarily screened in the order in which they are filed.

The court will deny the motion for extension of time as moot because the initial proposed complaint has not yet been screened and no defendant has been served. Fed. R. Civ. P 15(a) provides:

> (1) ***Amending as a Matter of Course.*** A party may amend its pleading once as a matter of course within:
>  **(A)** 21 days after serving it, or
>  **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> (2) ***Other Amendments***. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

If plaintiff files an amended complaint before the court screens the initial complaint the court will screen the amended complaint and treat it as the operative complaint.

1

The court will also deny plaintiff's motion for appointment of counsel. A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). Pursuant to 28 U.S.C. § 1915(e)(1), the court may ask an attorney to represent a litigant proceeding *in forma pauperis* ("IFP"). The Supreme Court has held that the IFP statute "does not authorize the federal courts to make coercive appointments of counsel," it merely allows the court to "request" that an attorney represent an indigent litigant on a pro bono basis. *Mallard v. United States Dist. Court*, 490 U.S. 296, 304–05 (1989); *see also United States v. 30.64 Acres of Land*, 795 F.2d 796, 798–804 (9th Cir. 1986) (courts cannot direct payment for a litigant's attorney's fees).

The appointment of counsel for indigent civil litigants is limited to cases presenting "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action); *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). The word "exceptional" is defined as "out of the ordinary course, unusual," or "rare." See Oxford English Dictionary (Oxford Univ. Press 2015). In deciding whether to appoint counsel, the court should consider: (1) the likelihood of success of the pro se party's claims on the merits, and (2) the ability of the party to articulate claims pro se in light of the complexity of the legal issues involved. *Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (finding that neither factor is controlling).

Having reviewed and considered the matter,

**IT IS ORDERED:**

1. Plaintiff's Motion to Appoint Counsel (ECF No. 3) is **DENIED**.
2. Plaintiff's Motion for Extension to File Amended Complaint (ECF No. 4) is **DENIED as moot.**

DATED this 20th day of November 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

2