UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Patricia A. Bascom, | Case No. 2:18-cv-01283-MMD-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| U.S. Probation Office, et al., | |
| Defendants. | |

Pro se plaintiff Patricia A. Bascom initiated this lawsuit on July 13, 2018 by filing an application to proceed *in forma pauperis* and a complaint. (ECF No. 1.) Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Accordingly, Plaintiff's request to proceed *in forma pauperis* will be granted. The court now screens Plaintiff's complaint (ECF No. 1-1) as required by 28 U.S.C. § 1915(e)(2).

**I.   ANALYSIS**

   **A.   Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of

his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B.      Screening the complaint**

Plaintiff alleges that she was "beat up" by three unknown officers while in handcuffs. (*Id.* at 5.) She also alleges that the City of Henderson Fire Department Engine 95 and Rescue 95 laughed at her and told she did not have an injury. (*Id.*) She further alleges that she was taken to a detention center in Pahrump with major injuries and further mocked. (*Id.*) Plaintiff alleges that "COs" threatened to put her in a cell with gang members that would have harmed her because of a specific tattoo she has. (*Id.*) She alleges that she was treated this way by law enforcement because of her advocacy for Ron Mortensen. (*Id.*)

Plaintiff also alleges that federal marshals did not offer her any help and discriminated against her. (*Id.*) She further alleges that she was denied medical attention at the detention facility, because the U.S. Marshals told the detention center staff to do this and they were "just following orders." (*Id.*)

Plaintiff also alleges that "local law enforcement officers" are "stalking" and "harassing" her whenever she leaves her house. (*Id.* at 6.) She alleges that on July 4, 2018, an unmarked white Ford followed her. (*Id.*) She also alleges that on the same night, a Henderson police vehicle was in her neighborhood and followed her to a Robertos. (*Id.*)

Plaintiff alleges that all of this conduct caused severe injuries, including broken discs in her neck. (*Id*. at 5.) She further alleges that she needs to have her spine fused back together and is sometimes paralyzed because of her injuries. (*Id.*) Plaintiff seeks compensatory and punitive damages of over a million dollars. (*Id.* at 6.)

For this conduct, Plaintiff sues several defendants, including the U.S. Probation Office, District of Nevada, Robert Aquino, Jodonna Brown, Shawn Mummey, Sunny Casio, Joy Gamboa, Michael G. Mastrangioli, the City of Henderson Police Department, the Las Vegas Metropolitan Police Department, Margarita, "Three Unknown Agents of the United States Federal Probation Office District of Nevada," "One Unknown City of Henderson Police Officer," Tawny, United States Marshals Office, City of Henderson Fire Department, "City of Henderson Fire Department Engine 95, Unknown firefighters," "City of Henderson Fire Rescue 95 Two Unknown Paramedics," and CCA Nevada Southern Detention Center. (*Id.* at 8-9.)

Plaintiff's complaint does not state a claim upon which relief can be granted. As currently pled, Plaintiff does not name any specific person who allegedly engaged in the conduct for which she is suing. Further, while Plaintiff specifically names the Henderson Fire Department Engine 95 and Rescue 95, the conduct she alleges they engaged in (laughing at her and telling her she did not have an injury), does not amount to a redressable legal claim (at least without further factual allegations). Similarly, while Plaintiff specifically identifies the Henderson Police Department in her complaint, she does not allege sufficient facts to state a claim. Taking away her conclusory statements that the Henderson Police Department stalked and harassed her, she alleges only that an unmarked white Ford followed her, a Henderson police vehicle was in her neighborhood the same night, and it followed her to a Robertos. (ECF No. 1-1 at 6.) Again, without further factual allegations, this is not a cognizable claim. Accordingly, the Court will dismiss Plaintiff's complaint.

However, because these defects can potentially be cured by amendment, the Court will dismiss Plaintiff's complaint without prejudice and with leave to amend. If Plaintiff chooses to amend, she must state the facts clearly, in her own words, and describe exactly what each specific defendant (by name) did to violate her rights. Although the Federal Rules of Civil Procedure

adopt a flexible pleading standard, Plaintiff still must give each defendant fair notice of her claims against it and of Plaintiff's entitlement to relief.

Plaintiff is also advised that if she chooses to file an amended complaint, the document must be titled "Amended Complaint." The amended complaint must contain a short and plain statement of the grounds for the court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1).

Plaintiff is further advised that if she files an amended complaint, the original complaint (ECF No. 1-1) no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

## II. Plaintiff's Motion for Appointment of Counsel

Also pending in Plaintiff's case is a motion for appointment of counsel. (ECF No. 8.) This motion was not submitted or signed by Plaintiff. Rather, it was submitted by her "next friend" Ronald Mortensen, an inmate at High Desert State Prison. (*See id.*) Mr. Mortensen is not counsel of record in this case for Plaintiff (and does not represent himself to be an attorney at all). Accordingly, he may not file documents on Plaintiff's behalf or represent her in this action. As such, the Court will deny Plaintiff's motion for appointment of counsel without prejudice.

## III. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED. Plaintiff is permitted to maintain this action to conclusion without prepaying fees or costs or giving security for them.

IT IS FURTHER ORDERED that the clerk of court must detach and separately file Plaintiff's complaint (ECF No. 1-1).

IT FURTHER ORDERED that Plaintiff's complaint is dismissed without prejudice.

IT IS FURTHER ORDERED that if Plaintiff wishes to file an amended complaint, she must do so by October 19, 2020.

IT IS FURTHER ORDERED that the Clerk of Court is to mail a copy of the non-prisoner, pro se form complaint for civil rights violations to the Plaintiff.

IT IS FURTHER ORDERED that Plaintiff's motion for appointment of counsel (ECF No. 8) is DENIED without prejudice.

DATED: September 18, 2020

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE